IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ANSON LAING,** *Plaintiff*, v. **JOHNSON CONTROLS, INC.,** *Defendant*. | **CASE NO.: 1:18-CV-864** |

COMPLAINT AND REQUEST FOR JURY TRIAL

**NOW COMES** the Plaintiff, Anson Laing ("Laing"), and complaining of the Defendant, Johnson Controls, Inc. ("Johnson Controls"), alleges the following to be true:

**INTRODUCTION**

1    This action stems from Defendant's termination of Laing based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981

2    Each paragraph of this complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

# JURISDICTION AND VENUE

**3**	Laing is a resident of Guilford County, North Carolina, and is neither a minor nor incompetent.

**4**	Johnson Controls is a foreign corporation with a principal office in Milwaukee, Wisconsin, a manufacturing facility in Forsyth County, North Carolina, and a registered agent in Raleigh, North Carolina.

**5**	This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    **5.1**	28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e et seq. and 42 U.S.C. § 1981;

**6**	This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    **6.1**	Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    **6.2**	N.C. Gen. Stat. § 1-75.4(1)(d), as Johnson Controls was engaged in substantial business activity within this state at the time service of process was made upon it.

    **6.3**	N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Laing's person or property.

7       Venue is proper in this Court pursuant to any/all of the following:

   7.1     28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

   7.2     28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina;

## STATEMENT OF THE FACTS

8       Laing is a black male.

9       On November 14, 2012, Laing began working for Johnson Controls as a welder.

10      In early 2013, Laing mentioned to a group of coworkers about how diverse Johnson Controls' workforce was.

11      Mike Bower ("Bower"), a white male coworker responded that about a year prior they hired so many black people "you could make a Tarzan movie."

12      A shop steward complained about the comment to Debra Lyles ("Lyles") (black) in HR.

13      When management asked Bower about the comment, he admitted to it.

14      Shortly afterwards, Laing was told to attend a meeting with Lyles, Laing's supervisor, Greg Shore ("Shore") (white), Plant Superintendent Jason Buchanan ("Buchanan") (white), and two white shop stewards.

15      In this meeting, they told Laing he would be terminated if he pursued a complaint about what Bower said.

16      After this incident, Laing began receiving write-ups for small infractions that either were not actually violations of any policy or that other employees did frequently without reprimand.

17      In August 2014, Laing had an allergic reaction to the latex gloves Johnson Controls provided and had to start using a different kind of glove.

18      Safety Manager Lauren Butner ("Butner") (white) told Laing to get the other gloves from her.

19      A white coworker saw Laing talking to Butner. Because he was angry at seeing a black man talk to a white woman, he told a shop steward, Terry Johnson ("Johnson") (white), that Laing was sexually harassing Butner.

20      Johnson and Area Manager Brian Fortson ("Fortson") (white) told Laing he had to provide the latex-free gloves himself and that he was banned from the safety area.

21      Butner told Laing that she did not understand where the complaint was coming from and never felt harassed.

22      On February 27, 2016, Laing and several coworkers passed Sharnika Bennet ("Bennet") (black), a coworker, in the hall.

23      To the surprise of everyone in the area, Bennet began acting offended and behaving as though Laing, who had been faithfully married to his wife for many years, was catcalling her.

24      None of the other employees present saw Laing do or say anything inappropriate.

25      Bennet apparently complained and HR Manager Philip Gilbert ("Gilbert") (white) told Laing that if he ever spoke to Bennet again, he would be fired.

26      Margie Craig ("Craig") (white) in HR told Laing that she did not believe Bennet, and that she thought Gilbert was acting strange.

27      Gilbert had instructed Bennet to target Laing as a means of building an excuse to fire him.

28      A few weeks after this incident, Bennet stood behind Laing's forklift and refused to move.

29      Because Laing was afraid that if he asked her to move he would be fired, he honked the horn on his forklift.

30      Laing then got off his forklift and asked a nearby loader to ask Bennet to move.

31      James Miller ("Miller") (black), another employee saw what was happening and asked Bennet why she did not move.

32      Bennet then complained to management that Laing was harassing her.

33      Management took Miller off the production line and tried to get him to say that Laing put him up to talking to Bennet.

34      Management also sent Laing home for the rest of the day and gave him a verbal warning when he returned to work.

35      In September 2016, after continuing to receive trumped-up warnings and write-ups, as well as hearing racially derogatory terms at the jobsite, Laing called Johnson Controls' ethics hotline to make a race discrimination complaint.

36      Shortly after that complaint, Laing was written up again for allegedly falsifying company documents, when all he did was delete an incorrect pallet number off a list.

37      Laing continued to speak with the ethics hotline, which asked for his name and phone number.

38      After Laing provided the hotline with his name and phone number, Gilbert was called to an emergency meeting at the corporate office.

39      On October 6, 2016, after Gilbert had returned, he called Laing into his office and asked what had happened.

40      Laing had no idea what Gilbert was talking about, but Gilbert accused him of lying and hiding something, then sent him home pending an investigation.

41      Later, Laing was informed that he had been accused of sexually harassing and making racially derogatory comments to a Lacy Spearman ("Spearman"), a black male forklift trainee.

42      Laing had barely any interaction with Spearman, as they worked in different areas and rarely saw one another.

43      Laing was told that management had promised Spearman a full-time position if he made a complaint against Laing.

44      Laing was officially terminated on October 12, 2016.

45      Sometime afterwards, Johnson Controls terminated both Bennet and Spearman.

46      Laing filed a charge of discrimination with the EEOC and was issued a notice of right to sue on July 17, 2018.

47      Johnson Controls has more than 500 employees.

## FIRST CAUSE
### Race Discrimination (Termination)
*Title VII of the Civil Rights Act of 1964, 42 USC. §§ 2000e et seq.*

48      Laing is black/African-American.

49      Johnson Controls was aware that Laing is black.

50      Laing suffered an adverse employment action when he was terminated.

51      There is a causal connection between his race and his termination.

52      Johnson Controls has at least 15 employees.

## SECOND CAUSE
### Race Discrimination (Termination)
*Title VII of the Civil Rights Act of 1964, 42 USC. §§ 2000e et seq.*

53      Laing engaged in a protected activity by making a race discrimination complaint.

54      Johnson Controls was aware of Laing's complaint.

55      Laing suffered an adverse employment action when he was terminated.

56      There is a causal connection between Laing's protected activity and his termination.

57      Johnson Controls has at least 15 employees.

## PRAYER FOR PUNITIVE DAMAGES

58      Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

   **58.1**    Malice;

   **58.2**    An evil motive; and/or

   **58.3**    Callous indifference to a federally protected right.

59      Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

60      Plaintiffs request a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiffs respectfully request this Court that it:

61      Enter Judgment for Laing against Johnson Controls on all causes of action contained herein;

62      Award Laing damages, including punitive damages, in an amount to be determined at trial;

63      Tax the costs of this action against Johnson Controls and award Laing reasonable attorney fees as permitted by law, and;

64      Grant such other and further relief as the court deems just and proper.

*Respectfully submitted on this, the 18th day of October, 2018.*

/S/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2018, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

>Johnson Controls, Inc.
>c/o CT Corporation System
>160 Mine Lake Ct Ste 200
>Raleigh, NC 27615
>*Registered Agent for Defendant*

>/S/ WILSON FONG
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com